UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON RICHARD ENGLE,

    Plaintiff,

v.

MARK J PLAWECKI, et al.,

    Defendants.

Case No. 25-cv-11544

Honorable Robert J. White

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 41) AND STRIKING ECF No. 40 FROM THE DOCKET**

Plaintiff Jason Richard Engle moved to strike Defendants'[1] "unauthorized surreply (ECF No. 29)" from the docket. (ECF No. 40; ECF No. 41).  ECF No. 29 is Defendants' response to Engle's motion for leave to file a second amended complaint, (ECF No. 24).  Engle filed duplicative motions to strike on the docket, one with a signature and one without. (ECF No. 40; ECF No. 41).  The Court will strike ECF No. 40 for lack of Engle's signature but will consider ECF No. 41 on the merits. *See* Fed. R. Civ. P. 11(a) (requiring the court to strike an unsigned written motion).

---

[1] Defendants are Mark J Plawecki, Floyd Bunker, and the 20th District Court of Dearborn Heights. (ECF No. 46, PageID.620).

Engle argued the Court should strike Defendants' response (ECF No. 29) because: (1) Defendants filed their response without prior leave of court in violation of Local Rule 7.1(e)(1); (2) the "surreply" is too long and "unfairly burdens [Engle's] right to reply"; (3) the Court did not give Engle leave to respond; and (4) Defendants cannot file a "surreply" on the grounds that Engle's proposed amendment is futile. (ECF No. 41, PageID.571). In their response to Engle's motion to strike, Defendants asserted that Engle's motion misrepresented both the local rules and the nature of ECF No. 29. (ECF No. 46, PageID.626).

The Court agrees with Defendants. First, ECF No. 29 is a response to a motion for leave to amend a pleading, which is allowed under the local rules. *See* E.D. Mich. LR 7.1(c)(1) ("a respondent opposing a motion must file a response, including a brief and supporting documents then available"). Engle also misplaced his reliance on Local Rule 7.1(e)(1). Contrary to Engle's claim, Local Rule 7.1(e)(1) sets forth the standard briefing schedule, *see* E.D. Mich. LR 7.1(e)(1), and says nothing about moving for leave to amend. In fact, the language Engle claimed to quote from Rule 7.1(e)(1) does not appear anywhere in Local Rule 7.1.

Second, Defendants' response brief is not overlong. *See* E.D. Mich. LR 7.1(d)(3)(A) (allotting twenty-five pages for response briefs). Although Defendants' response in total is over twenty-five pages, the brief itself is not. *See* ECF No. 29. The excess pages consist of exhibits, which Defendants are required to attach per

Local Rule 7.1(c)(1). Third, Engle does not need the Court's leave to submit a reply brief. *See* E.D. Mich. LR 7.1(d)(1)(A) (permitting movants to "file a reply brief" in support of the motion). Fourth, Defendants are allowed to argue that amendment of the pleading is futile in their response to Engle's motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "futility of amendment" as a reason to deny a motion to amend a pleading). Thus, for all of the reasons listed above, the Court finds Engle's motions to strike meritless and will accordingly deny the motion.

\* \* \*

For the reasons given, the Court **ORDERS** that the motion to strike defendant's unauthorized "surreply" (ECF No. 41) is **DENIED**.

The Court **FURTHER ORDERS** that ECF No. 40 is stricken for lack of Engle's signature.

Dated: October 22, 2025               s/Robert J. White
                                      Robert J. White
                                      United States District Judge