UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON RICHARD ENGLE,

    Plaintiff,

v.

MARK J PLAWECKI, et al.,

    Defendants.

Case No. 25-cv-11544

Honorable Robert J. White

**OMNIBUS ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 17), DENYING ENGLE'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING, MOTION FOR SUMMARY JUDGMENT, AND MOTION FOR LEAVE TO AMEND (ECF Nos. 37, 53, 56), AND STRIKING ENGLE'S MOTIONS FOR LEAVE TO AMEND, LEAVE TO FILE SUPPLEMENTAL EXHIBITS, AND LEAVE TO FILE AND TO COMPEL PERFORMANCE (ECF Nos. 24, 69, 70, 71)**

*Pro se* Plaintiff Jason Richard Engle sued Defendants Judge Mark J. Plawecki, Officer Floyd Bunker, and the 20th District Court of Dearborn Heights (20th District Court) for the fallout from an incident between Engle's dog and his neighbor.[1] (ECF No. 1; ECF No. 4). According to Engle's complaint, Defendants allegedly conspired to violate Engle's rights by issuing him a ticket, a series of letters, and finally, a

---

[1] Engle also listed the Judicial Courts of Michigan as a defendant. The summons indicates that Engle used interchangeably the "Judicial Courts of Michigan" and the 20th District Court. (ECF No. 5, PageID.93). Thus, the Court will recognize three defendants: Plawecki, Bunker, and the 20th District Court.

warrant following the incident. (ECF No. 4, PageID.91).  Defendants moved to dismiss the complaint. (ECF No. 17).[2]

After Defendants moved to dismiss, Engle moved for:  (1) leave to file a second amended complaint (ECF No. 24); (2) leave to file a supplemental complaint (ECF No. 37); (3) summary judgment or default judgment (ECF No. 53); (4) leave to file amended complaint (ECF No. 56); (5) leave to file second amended complaint (ECF No. 69); (6) leave to file supplement exhibits (ECF No. 70); and (7) leave to file and motion to compel performance of perfected bond trust instrument (ECF No. 71), among other, previously decided motions.  At present, there are eight motions pending before the Court.

For the reasons discussed below, the Court will deny Engle's motions for leave to file a supplemental complaint (ECF No. 37), for summary judgment (ECF No. 53), and for leave to file an amended complaint (ECF No. 56).  The Court will also strike Engle's motions for leave to file a second amended complaint (ECF No. 24; ECF No. 69), for leave to file supplement exhibits (ECF No. 70), and for leave to file and motion to compel performance of perfected bond trust instrument (ECF No.

---

[2] Although Defendants disputed whether Engle properly served his amended complaint (ECF No. 4), Defendants viewed the original complaint and first amended complaint, (ECF No. 1; ECF No. 4), as functionally the same and considered them together for purposes of their motion to dismiss. (ECF No. 17, PageID.256).  The Court will do the same.

71). In doing so, the Court will grant Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17).

## I. Background

On February 10, 2025, Officer Floyd Bunker arrived at Engle's residence to investigate a complaint lodged by a neighbor against Engle's dog. (ECF No. 1, PageID.6). According to Engle, Bunker parked his vehicle in "a tactical manner" to prevent anyone from exiting or entering the driveway. (*Id.*). After parking, Bunker knocked on the front door and spoke initially with Engle's father before speaking with Engle. (*Id.*). Upon Bunker's request, Engle provided his dog's vaccination papers. (*Id.*). Bunker subsequently handed Engle "quarantine paperwork" for the dog, which Engle refused to sign. (*Id.*). The complaint does not mention any further interaction between Engle and Bunker that day.

Two days later, Engle received a ticket in the mail for a "vicious animal attack," "dog at large," and "no animal license" based on the incident with Engle's dog and the neighbor. (*Id.*). At some point thereafter, Engle failed to appear in court on the citations and Judge Plawecki issued a warrant. (*Id.* at PageID.7; ECF No. 17-3, PageID.274–75). Engle initiated his lawsuit in May 2025 and claimed that Defendants' actions constituted attempts to destroy his name and reputation. (ECF No. 4, PageID.91). He also argued that the warrant interfered with his ability to do his job. (*Id.*). His complaint asserted a barrage of criminal claims against Defendants

3

and a civil conspiracy claim and sought damages in the millions of dollars. (*Id.* at PageID.90–92). Defendants moved to dismiss the complaint for failure to state a claim for relief. (ECF No. 17).

Engle responded prolifically to Defendants' motion. He currently has seven motions pending, all filed after Defendants' motion to dismiss. Three of those motions came after the Court enjoined Engle from further filings. The Court will address each motion below.

**II.     Legal Standard**

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). "However, this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 Fed. App'x 975, 977 (6th Cir. 2012). A pro se pleading must still "provide the opposing party with notice of the relief sought," *id.*, and contain sufficient factual assertions to state a plausible claim. *Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011); *see also Cassaday v. U.S. Gov't,* No. 21-1636, 2022 WL 14486299, at *2 (6th Cir. Oct. 6, 2022). When "the factual and legal gaps in [plaintiff's] amended complaint exceed" that which a court may accept through liberal construction, the complaint cannot survive. *Frengler*, 482 Fed. App'x at 977.

4

### III. Analysis

To decide the pending motions, the Court will proceed as follows. First, the Court will consider all motions filed post-Engle's enjoinment. Second, the Court will review Engle's motions for leave to amend, leave to file supplemental pleading, and for summary judgment. Third, the Court will decide Defendants' motion to dismiss. This order of operations aligns with the rule that a court "must first consider a pending motion to amend before dismissing a complaint." *Pleasant View Baptist Church v. Beshear*, No. 2:20-cv-00166, 2021 WL 4496386, at *2 (E.D. Ky. Sept. 30, 2021) (citation omitted).

### A. The Court Will Strike All Motions Filed Without the Requisite Leave.

In its order on October 1, 2025, the Court enjoined Engle from filing additional motions or papers on the docket without first seeking the Court's leave, (ECF No. 67, PageID.1090). *See Brown v. Foley*, No. 20-3272, 2020 WL 8921407, at *2 (6th Cir. July 27, 2020) ("A district court has inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings."). The Court stated explicitly that "[a]ny motions or papers filed in violation of this order shall be stricken from the docket." (ECF No. 67, PageID.1090).

Despite the Court's clear instruction, Engle filed three different motions on the docket without the Court's leave. The motions include: (1) a Motion for Leave

5

to File Second Amended Complaint (ECF No. 69); (2) a Motion for Leave to File Supplement Exhibits 36-61C (ECF No. 70); and (3) a Motion for Leave to File; Motion to Compel performance of perfected bond trust instrument (ECF No. 71). Because Engle failed to comply with the Court's order, the Court will strike all three motions from the docket.

> **B.     Engle's Motions for Leave to Amend His Complaint are Either Futile or Improperly Filed.**

The Court will next consider Engle's two motions for leave to file an amended complaint. (ECF No. 24; ECF No. 56).  The Court will start with the more recently filed ECF No. 56 before analyzing ECF No. 24.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The Rule requires the court "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Although Rule 15(a)(2) embodies a "liberal amendment policy," *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (citation omitted), whether the district court decides to grant or deny leave to amend is within its discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Reasons to deny amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

6

Engle indicated that his amended complaint would add newly identified defendants and evidence, clarify claims challenged previously by Defendants in their responses to Engle's various motions, and preserve judicial efficiency by consolidating related claims and defendants into one pleading. (ECF No. 56, PageID.813). Although stricken from the docket for failure to conform with the local rules, Engle's amended complaint added claims against his neighbor (the alleged victim of the dog bite), his previous employer, Alta Equipment Company (Alta), and defense counsel Margaret T. Debler. (ECF No. 57, PageID.822–24). His claims against these entities and individuals consist of deprivations of rights in violation of 42 U.S.C. § 1983 in addition to federal crimes. (*Id.*). Defendants opposed the motion for leave to amend. (ECF No. 60).

Because the Court finds that Engle's proposed amendment is futile, it will deny his motion for leave to amend. (ECF No. 56). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a Rule 12(b)(6) motion, the complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). That is, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not suffice.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Simply put, the alleged facts must state a claim for relief plausible on its face. *Twombly*, 550 U.S. at 570.

Here, Engle's proposed amendments do not establish plausible claims for relief.  To start, Engle, as a private individual, cannot bring claims under criminal statutes, unless the statute affords him a private right of action. *See Saro v. Brown*, 11 Fed. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution.").  The new causes of action include alleged violations of 18 U.S.C. §§ 241 (conspiracy against rights), 242 (deprivation of rights), 1513 (retaliation), 1341 (fraud), and 1343 (wire fraud).(ECF No. 57, PageID.823–25; ECF No. 56, PageID.813).  None authorize private rights of action. *See United States v. Oguaju*, 76 Fed. App'x 579, 581 (6th Cir. 2003) (no private right of action under §§ 241 and 242); *Saro*, 11 Fed. App'x at 388 (recognizing plaintiff lacked private right of action under §§ 1341 and 1343); *Grein v. Kajy*, No. 20-11086, 2020 WL 7075280, at *6 (E.D. Mich. Dec. 3, 2020) ("Section 1513 . . . does not provide a private cause of action.").  Thus, Engle's attempt to add claims under these statutes is futile and warrants denial of the motion.

Granted, Engle is entitled to bring a private cause of action under one of the criminal statutes he cited.  That is, he can sue civilly for 18 U.S.C. § 1962 violations under § 1964(c). *See* § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United

8

States district court."). In his proposed amended complaint, Engle claimed that Debler "joined municipal actors and private enterprise defendants into a single racketeering enterprise under 18 U.S.C. § 1962" through which they committed mail fraud and civil rights violations under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241–42. (ECF No. 57, PageID.824). Debler's "racketeering activity" consisted of "amplify[ing] and legitimiz[ing]" Engle's termination letter from Alta by referencing it in an opposition filing and failing "to deny the existence of the unlawful bench warrant" in the same filing. (*Id.*).

Engle's argument is meritless. Debler's representation of Defendants is not a basis for a claim under § 1962; to find otherwise would undermine an attorney's responsibility to their clients. Without additional facts to support his contention that Debler, Alta, and the municipal defendants are engaged in a racketeering enterprise, the Court finds that Engle failed to state a claim for relief.

Likewise, Engle offered only conclusory allegations to support his 42 U.S.C. § 1983 claims. Section 1983 establishes a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Although Engle is correct that private parties can be held liable under § 1983 if found to be state actors, (ECF No. 57, PageID.823), it is not clear how that applies here. *See S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 564 (6th Cir. 2007). To begin, Engle accused his neighbor and the victim of the dog bite of

9

fabricating reports and evidence alongside his attorney to harass Engle. (ECF No. 57, PageID.823). Even if Engle's allegations are true, there is no basis to conclude that such actions deprived Engle of his constitutional rights. Additionally, there is no evidence linking the neighbor to the state sufficient to allege a § 1983 claim. Next, Engle accused Alta of conspiring with the state to terminate him, thereby depriving him of his rights. (*Id.* at PageID.823–24). Yet Engle failed to elaborate on how exactly Alta conspired with the state to violate his rights. (*Id.*). The only piece of evidence he pointed to was his termination letter, which shows he was fired for reasons unrelated to the dog-bite incident. (*Id.* at PageID.823, 838–40). Lastly, and as mentioned previously, Debler's representation of Defendants is not a cause of action under criminal statutes or § 1983. Because Engle presented no facts that would cause the Court to question Debler's conduct thus far, he cannot state a claim against her. Engle's proposed amended complaint is therefore futile, and the Court will deny the motion for leave to amend, (ECF No. 56).

That does not end the Court's inquiry, however. Engle has an earlier-in-time motion for leave to amend pending. (ECF No. 24). In that motion, Engle sought to amend the complaint to add claims under § 1983 for violations of his constitutional rights under the First, Fourth, and Fourteenth Amendments. (*Id.* at PageID.318). Engle failed to attach his proposed amended complaint outlining the substance of those proposed amendments.

10

Although Local Rule 15.1 requires Engle to attach the proposed amended pleading to his motion for leave to amend, "[f]ailure to comply with this Rule is not grounds for denial of the motion." E.D. Mich. LR 15.1.  But courts will strike motions to amend for failing to include the proposed amendments if the party fails to inform the Court of the basis for the amendment. *Giles v. Hemingway*, No. 2:23-cv-10591, 2024 WL 1703079, at *1 (E.D. Mich. Apr. 19, 2024).  Engle indicated that he wanted to add constitutional claims. (ECF No. 24, PageID.318).  He did not elaborate on who the claims would be against, or what the grounds for those claims would be. (*Id.*).  Without more, the Court cannot assess properly whether leave to amend is warranted.

Defendants addressed the merits of a proposed amendment based on the sole sentence in Engle's motion regarding the constitutional claims. (ECF No. 29, PageID.375–85).  The Court will decline to follow Defendants' approach given that the Court would need to speculate as to and potentially make Engle's arguments for him. *See Plier v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").  Instead, the Court finds that striking the motion is sufficient.  For all of the reasons explained above, then, the Court will deny ECF No. 56 as futile and strike ECF No. 24 for failure to attach the proposed amended complaint.

### C. Engle's Supplemental Complaint is Futile.

In addition to the two motions to amend his complaint, Engle also sought leave to file a supplemental pleading under Federal Rule of Civil Procedure 15(d). (ECF No. 37, PageID.485). Rule 15(d) characterizes a supplemental pleading as that "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A court has broad discretion to allow a supplemental pleading, even if the "original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d); *see also* Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment. The "same standard of review and rationale apply" to motions to supplement pleadings pursuant to Rule 15(d) as that of motions for leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 Fed. App'x 520, 527 (6th Cir. 2002). Again, examples of reasons to deny such a motion include undue delay, bad faith, or futility. *Foman*, 371 U.S. at 182.

Engle wanted to add new claims against the 20th District Court and Plawecki for "Continuing Retaliation: Employment Loss and Chilling Effect" through his supplemental complaint. (ECF No. 37, PageID.485). That is, Engle claimed he was fired from his job because of the warrant issued by Plawecki and the 20th District Court. (*Id.* at PageID.485–87). Defendants disputed Engle's allegations; apparently, Engle's attached exhibits reveal that Alta terminated him for submitting false and invalid tax withholding documents. (ECF No. 45, PageID.606). Defendants thus

12

asked the Court to deny the motion as the supplemental complaint is futile. (*Id.* at PageID.607).

"A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). As such, courts "may consider exhibits attached to the complaint when ruling on a motion to dismiss." *ChampionX, LLc v. Resonance Sys., Inc.*, 726 F. Supp. 3d 786, 801 (E.D. Tenn. 2024). In ruling on a motion to dismiss, courts must accept all allegations contained in the complaint as true. *Id.* But "[w]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Williams v. CitiMortgage, Inc.*, 498 Fed. App'x 532, 536 (6th Cir. 2012) (citation omitted) (cleaned up). So when a fact asserted in the pleadings is inconsistent with a supporting exhibit, "the Court is to accept the facts as stated in the attached [exhibit]." *Id.* (citation omitted).

After reviewing Engle's motion and the accompanying exhibits, the Court agrees with Defendants. The letters Engle received from Alta contradict his argument that the warrant resulted in his termination. In fact, none of the Alta communications reference the warrant. The termination letter provides the basis for termination: Engle's "submission of false or invalid tax withholding documents" in violation of federal law and company policies. (ECF No. 37-3, PageID.523). The letter also mentioned Engle's threats to extort Alta through litigation and criminal complaints. (Id. at PageID.524). Taking the facts asserted in the exhibit as true, then,

13

the Court finds that Engle's supplemental complaint would not survive a motion to dismiss. Accordingly, his supplemental pleading is futile, and the Court will deny the motion for leave to supplement. (ECF No. 37).

### D. Engle's Summary Judgment Motion is Procedurally Improper.

Engle moved for summary judgment or in the alternative, default judgment, based on Defendants "failure to respond to the operative Complaint, Supplemental Complaint, and no fewer than four (4) sworn affidavits of fact that remain unrebutted as of this filing." (ECF No. 53, PageID.77). The Court will deny Engle's motion. Engle sought summary judgment as to claims not included in the operative complaint. (ECF No. 53, PageID.777–78). That is, at the time Engle moved for summary judgment, the Court had not yet granted his motion for leave to amend or to file a supplemental complaint. (ECF No. 24; ECF No. 37). Procedurally, Engle cannot move for summary judgment on claims not contained in an operative pleading. And because basic pleading essentials still apply in *pro se* suits, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), the Court will decline to excuse Engle's omission.

### E. Engle Failed to State a Plausible Claim for Relief.

Defendants moved to dismiss under either Rule 12(b)(1) for lack of subject matter jurisdiction and/or Rule 12(b)(6) for failure to state a claim. (ECF No. 17, PageID.249). The Court will grant Defendants motion under Rule 12(b)(6) given

14

that: (1) the majority of Engle's claims arise under criminal statutes that do not provide a private right of action or a basis for liability and (2) Engle offered only conclusory statements in support of his non-criminal claims insufficient to survive dismissal.

The Court will first address Engle's criminal claims.  To start, Engle's claim under 18 U.S.C. § 3571, (ECF No. 4, PageID.90), necessarily fails because it does not set forth an independent basis for liability but rather governs the application of fines following conviction. *See* § 3571(a).  Likewise, Engle is not entitled to relief under § 1694. (ECF No. 4, PageID.90).  The statute sets forth an exception for private companies to operate internal mail systems. *See* § 1694; *Regents of Univ. of Ca. v. Pub. Emp. Relations Bd.*, 485 U.S. 589, 594 (1988).  None of the facts presented indicate that § 1694 applies here.  Nor does Engle does have a private right of action under 18 U.S.C. §§ 241, 242, 872, 876, 1001, or 1091, (ECF No. 4, PageID.90). *See Oguaju*, 76 Fed. App'x at 581; *Bey v. Ohio*, No. 1:11-cv-1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (dismissing claims under §§ 872 and 1001 for lack of private right of action); *Callahan v. Bregman*, No. 1:19-cv-1304, 2019 WL 9594163, at *2 (W.D. Mich. Dec. 23, 2019) (finding no private right of action existed under § 876); *Gilmore-Bey v. Lee*, No. 19-10776, 2020 WL 2395988, at *6 (E.D. Mich. Jan. 10, 2020) (finding federal genocide statute, § 1091, did not provide private cause of action).  The same is true for Engle's capital felony treason

15

claim, (ECF No. 4, PageID.90). *See LaMie v. Morgan*, No. 4:24-cv-11101, 2025 WL 444671, at *6 (E.D. Mich. Feb. 10, 2025) (finding plaintiff did not have standing to sue for treason as it is a criminal violation under Art. III, sec. 3 of the U.S. Constitution).

Engle's remaining claims lack sufficient factual support to withstand Rule 12(b)(6) scrutiny. The Court will quickly do away with Engle's personage and peonage claim; the allegations are devoid of any mention of involuntary servitude. (ECF No. 4, PageID.90).

Next, Engle argued that Defendants conspired to violate his rights "under the color [of] law." (ECF No. 4, PageID.90–91). To prevail on a conspiracy claim, the plaintiff must show "(1) that there was a single plan, (2) that the alleged coconspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Rieves v. Town of Smyrna, Tenn.*, 67 F.4th 856, 862 (6th Cir. 2023) (citation omitted). "'Although circumstantial evidence may prove a conspiracy, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016) (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011)). Here, Engle offered no evidence that Defendants acted in unison

to violate Engle's rights, nor proof of an overt act beyond Defendants' performance of what appears to be their typical job functions. Hence the conspiracy claim fails.

* * *

For the reasons given, the Court **STRIKES** the motions for leave to file second amended complaint (ECF No. 24; ECF No. 69), the motion for leave to file supplemental exhibits (ECF No. 70), and the motion for leave to file and motion to compel performance (ECF No. 71) from the docket.

The Court **FURTHER ORDERS** that Engle's motion to file supplemental pleading (ECF No. 37), his motion for summary judgment (ECF No. 53), and his motion for leave to file an amended complaint (ECF No. 56) are **DENIED**.

The Court **FURTHER ORDERS** that Defendants' motion to dismiss (ECF No. 17) is **GRANTED**.

Dated: November 14, 2025          s/Robert J. White  
                                                         Robert J. White  
                                                         United States District Judge