UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON RICHARD ENGLE,

     Plaintiff,

v.

MARK J. PLAWECKI, et al.,

     Defendants.

Case No. 25-cv-11544

Honorable Robert J. White

---

**OMNIBUS ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 75); DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE CORRECTED SECOND AMENDED COMPLAINT (ECF No. 95); DENYING PLAINTIFF'S MOTION FOR PACER FEE EXEMPTION (ECF No. 84); STRIKING PLAINTIFF'S MOTION TO FILE A THIRD AMENDED COMPLAINT (ECF No. 96); AND DENYING ALL OTHER PENDING MOTIONS AS MOOT (ECF No. 76; ECF No. 77; ECF No. 78; ECF No. 79; ECF No. 80; ECF No. 81; ECF No. 82; ECF No. 83; ECF No. 85; ECF No. 87; ECF No. 88; ECF No. 89; ECF No. 93; ECF No. 94)**

---

Plaintiff Jason Richard Engle moved for reconsideration of the Court's denial of leave to amend his complaint to include a civil claim under § 1964(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* (ECF No. 75, PageID.1565).[1]  Engle argued that the Court improperly evaluated

---

[1] Engle mischaracterized the Court's finding as to his civil RICO claim by referring to it as a dismissal. (ECF No. 75, PageID.1565).  The Court actually denied Engle

his claim under § 1964(c) by using the criminal RICO standard when it should have used the civil RICO standard. (*Id.* at PageID.1565–66).  If the Court had evaluated Engle's claim under the civil standard, it would have survived the motion to dismiss. (*Id.* at PageID.1569–70).  In the alternative, Engle asked the Court for leave to amend his complaint in the event the Court "require[d] clarification of the statutory basis under § 1964(c)." (*Id.* at PageID.1570).

The local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1).  Instead, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." *Id.*

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  While Rule 59(e) permits a court to alter or amend a judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted).

---

leave to amend his complaint to include a civil RICO claim because that claim lacked merit. (ECF No. 73, PageID.1549).   Still, the outcome of his motion for reconsideration is the same irrespective of the claim's characterization.

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The residual clause in Rule 60(b)(6) affords relief "only in exceptional or extraordinary circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (citation omitted). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (citation omitted). Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003) ("A Rule 60(b) motion must be denied if . . . it is merely an attempt to relitigate the case."). And the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by

"clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Furthermore, courts should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).  But a court need do so if an amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.*

Because Engle proceeds pro se, the Court will construe his motion for reconsideration as a motion for relief from judgment under the Federal Rules of Civil Procedure. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (pro se filings are held to "less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed") (citation omitted).  At the outset, Engle failed to demonstrate any of the requirements for relief under Fed. R. Civ. P. 59(e) or 60(b).  Engle argued the Court committed a clear error of law when it misapplied the criminal RICO standard to his claim under § 1964(c). (ECF No. 75, PageID.1570).  But that is not what the Court did.

Engle previously sought to amend his complaint to add a RICO claim against defense counsel Margaret T. Debler. (ECF No. 57, PageID.824).  Engle alleged that Debler "joined municipal actors and private enterprise defendants into a single racketeering enterprise under 18 U.S.C. § 1962" to commit crimes and civil rights

violations against him. (*Id.*).  In its ruling on Engle's motion for leave to amend, the Court acknowledged that "Engle is entitled to bring a private cause of action under" § 1964(c) of RICO for violations of § 1962. (ECF No. 73, PageID.1548).  But the Court found that the claim itself ultimately was meritless such that amendment would be futile. (*Id.* at PageID.1549).

That is, Engle offered no facts to support his contention that Debler and the other defendants engaged in a racketeering enterprise. (*Id.*).  According to Engle, Debler supposedly amplified and legitimized Engle's termination letter from his employer by referencing it in an opposition filing and failing "to deny the existence of the unlawful bench warrant" in the same filing. (ECF No. 57, PageID.824).  In other words, Debler did her job as counsel for the Defendants.  Because Debler's representation of the Defendants did not serve as a basis for a claim under § 1962, the Court denied the proposed amendment. (ECF No. 73, PageID.1549).  The Court did not misapply the civil RICO standard and thus committed no clear error of law.

Rule 60(b) also provides no basis for relief.  As explained above, the Court does not find that it made a mistake in its prior ruling. *See* Rule 60(b)(1).  Nor do any of the other reasons to set aside judgment under the Rule apply. *See* Rule 60(b)(2)–(6).  Because Engle's civil RICO claim against Debler is meritless, Engle cannot salvage it through the amended complaint he proposed in his motion. (ECF No. 75, PageID.1570).  The Court will deny his request for leave to amend.

In addition to his motion for reconsideration or leave to amend, Engle filed fourteen motions for leave to file supplemental exhibits or clarify arguments, (ECF No. 76; ECF No. 77; ECF No. 78; ECF No. 79; ECF No. 80; ECF No. 81; ECF No. 82; ECF No. 83; ECF No. 85; ECF No. 87; ECF No. 88; ECF No. 89; ECF No. 93; ECF No. 94), a motion to waive PACER fees, (ECF No. 84), a motion for leave to file a corrected second amended complaint, (ECF No. 95), and a motion for leave to file a third amended complaint, (ECF No. 96).  The Court will first address Engle's motions for leave to file amended complaints as they will determine the outcome of the majority of the still-pending motions.

As mentioned, courts should freely grant leave to amend when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), but need not do so if the proposed amendment is futile. *Miller*, 408 F.3d at 817.  Engle narrowed the allegations in his proposed second amended complaint to only those against defendants the 20th District Court, Judge Mark J. Plawecki, and Ordinance Officer Floyd Bunker. (ECF No. 95, PageID.1682).  Engle also reduced the number of claims.  The proposed second amended complaint contains a claim under 18 U.S.C. § 1962(c) for civil RICO violation and a claim under 42 U.S.C. § 1983 for violations of Engle's First and Fourteenth Amendment rights. (*Id.* at PageID.1693–94).  Engle alleged that Plawecki and Bunker ran a racketeering enterprise through the 20th District Court,

and that they used the enterprise to file retaliatory enforcement actions against Engle after Engle challenged the legitimacy of a court-issued citation. (*Id.* at PageID.1687).

The Court finds the proposed amendment is futile.  Engle offered only conclusory statements of the enterprise's existence with no supporting evidence. Nor did Engle explain how defendants specifically violated his constitutional rights. In addition, the facts Engle did present are insufficient to establish a claim. Summarized briefly, Engle's dog bit a neighbor; Engle received a citation to appear in court based on that incident; Engle failed to appear; the 20th District Court issued a warrant; and that warrant had consequences for Engle. (*Id.* at PageID.1688–91). The Court can distill the allegations into Plawecki and Bunker merely performing the day-to-day functions of their jobs and can trace the warrant's alleged consequences to Engle's own actions, not any of the defendants.  Because Engle's proposed second amended complaint could not survive a motion to dismiss, the Court will deny Engle's motion for leave file a corrected second amended complaint, (ECF No. 95).

Likewise, Engle did not attach his proposed amended complaint to his motion to file a third amended complaint in violation of Local Rule 15.1. E.D. Mich. LR 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.").  Without the proposed amended complaint at its disposal, the Court cannot make an informed decision about whether to allow amendment.

Although a violation of Rule 15.1 is not grounds to deny Engle's motion, *see id.*, the Court will strike the filing from the docket for failure to comply.

Since Engle does not have any existing causes of action following the Court's denial of his motion for reconsideration (ECF No. 75) and motion for leave to file a second amended complaint (ECF No. 95), the Court will deny his motions for leave to file clarifying statements or supplemental exhibits as moot.[2] (ECF No. 76; ECF No. 77; ECF No. 78; ECF No. 79; ECF No. 80; ECF No. 81; ECF No. 82; ECF No. 83; ECF No. 85; ECF No. 87; ECF No. 88; ECF No. 89; ECF No. 93; ECF No. 94).

The Court will next deny Engle's motion for PACER fee exemption, or in the alternative, limited docket access. (ECF No. 84).  "Courts may allow indigent litigants to access PACER without charge for cause shown." *Martin v. Cole*, No. 24-cv-11256, 2024 WL 3448456, at *2 (E.D. Mich. July 16, 2024); *Constant v. U.S. Citizenship and Immigr. Servs.*, No. 10-mc-50894, 2014 WL 2116289, at *5 (E.D. Mich. May 21, 2014) (recognizing court "has the discretion to waive an individual's PACER fees" if the requesting party shows "entitlement to a waiver").  "To be eligible for an exemption from PACER user fees, the requesting party must show that an exemption is necessary to: (1) avoid unreasonable burden; and (2) promote

---

[2] ECF No. 83 sought leave to file additional authorities and clarification of Engle's summary judgment argument.  Because the Court denied Engle's summary judgment motion in a previous order, (ECF No. 73, PageID.1554), that motion was moot to begin with.

public access to information." *Martin*, 2024 WL 3448456, at *2.  Here, Engle asked for a PACER fee exemption because he is "unable to view docket entries associated with this action due to an outstanding PACER balance." (ECF No. 84, PageID.1632). But Engle did not explain why he has an outstanding PACER balance or make any other assertions about his financial status.  Nor did Engle ever complete an application to proceed in forma pauperis.  At present, Engle has not alleged enough to entitle him to a PACER fee exemption or similar relief. *See Martin*, 2024 WL 3448456, at *3 (finding plaintiff did not meet unreasonable burden standard because he did not complete an IFP application or provide the court with any information about his finances).  The Court will dismiss the motion without prejudice so that Engle can make the appropriate showing, if necessary.

Engle's case is closed.  The Court will instruct Engle not to file additional papers on the docket unless they are (1) meritorious and (2) present cognizable grounds for relief.  Otherwise, the Court will exercise its "inherent authority to prevent abuse of the judicial process" and impose pre-filing restrictions. *Qiu v. Anderson Cnty, KY Bd. of Educ.*, --- F. Supp. 3d ---, No. 3:21-cv-0027, 2026 WL 473343, at *4 (E.D. Ky. Feb. 19, 2026); *see also Mitan v. Int'l Fidelity Ins. Co.*, 23 Fed. App'x 292, 298 (6th Cir. 2001) ("The federal courts' inherent power to protect the orderly administration of justice and to maintain the authority and dignity of the court extends to a full range of litigation abuses.").

9

* * *

The Court **ORDERS** that Engle's motion for reconsideration and for leave to amend (ECF No. 75) is **DENIED**.

The Court **FURTHER ORDERS** that Engle's motion for leave to file second amended complaint (ECF No. 95) is **DENIED**.

The Court **FURTHER ORDERS** that Engle's motion for PACER fee exemption or limited docket access (ECF No. 84) is **DENIED**.

The Court **FURTHER ORDERS** that Engle's motion for leave to file a third amended complaint (ECF No. 96) is **STRICKEN** from the docket.

The Court **FURTHER ORDERS** that Engle's remaining motions (ECF No. 76; ECF No. 77; ECF No. 78; ECF No. 79; ECF No. 80; ECF No. 81; ECF No. 82; ECF No. 83; ECF No. 85; ECF No. 87; ECF No. 88; ECF No. 89; ECF No. 93; ECF No. 94) are **DENIED AS MOOT**.


Dated: April 9, 2026                    s/Robert J. White
                                        Robert J. White
                                        United States District Judge

10